FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 11 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL SHANE HALE,

                                               Petitioner,

-against-

SUPERINTENDENT H.D. GRAHAM,

                                               Respondent.
-----------------------------------------------------------------x

MEMORANDUM & ORDER

08-CV-3607 (ENV)

**VITALIANO, D.J.**

On January 11, 1999, *pro se* petitioner Michael Shane Hale pled guilty and was convicted in Supreme Court, Kings County of murder in the second degree, N.Y. Penal Law § 125.25[2], kidnapping in the second degree, N.Y. Penal Law § 135.20, and robbery in the first degree, N.Y. Penal Law § 160.15[3]. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his waiver of indictment on the robbery charge and his sentence of consecutive prison terms for the three convictions. For the reasons that follow, Hale's writ is denied and the petition is dismissed.

## Background

At his plea hearing, petitioner admitted that, on October 19, 1995, he assaulted his former lover, Stefan Tanner, and smashed his head against the concrete floor of a garage in Brooklyn. Petitioner then stole Tanner's money and car keys, stuffed his body into the trunk and drove away from the scene of the assault. After driving around Brooklyn for several hours, he opened the trunk and placed a plastic bag over Tanner's head, suffocating him. (See Transcript of Defendant's Plea, People v. Hale, Indict. No. 8776/1996 (Kings County Ct. 1999) at 19-24.)

1

Petitioner was charged with second degree murder and second degree kidnapping in Kings County Indictment No. 8776/1996. Subsequently, petitioner was charged separately with first degree robbery in Kings County Superior Court Information ("S.C.I.") No. 243/1999.[1]

At the plea hearing, both petitioner and his counsel expressed their understanding that in exchange for a guilty plea on all three counts, petitioner would receive consecutive sentences aggregating to an indeterminate prison term of 50 years to life. (Id. at 5, 14.) After being read the specific charges in both the formal indictment and the S.C.I., petitioner conceded that he was pleading guilty to "three separate and distinct crimes warranting consecutive sentences." (Id. at 26.) Petitioner also stated on the record that his plea was wholly voluntary and he understood that, as part of his plea agreement, he would waive his right to appeal "anything else handled in this court relating to [his] case," (id. at 17), which he did in a waiver of appeal signed in open court. (Id. at 26-27.) The Court also read aloud Hale's rights under the S.C.I. that were "inadvertently" not disclosed to him at the time that he was arraigned on the robbery charge:

> The Court: Defendant states that he has read Superior Court information 243 of '99 and further states that under Section 180 of the Criminal Procedure Law, he has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the Court in holding him for the action of the grand jury. And under the Constitution of the State of New York, he has the right to be prosecuted by indictment filed by a grand jury.
>
> The defendant waives such rights and consents to be prosecuted by Superior Court Information filed by the District Attorney . . . charging the following offense, Robbery in the First Degree . . . . The Superior Court Information filed will have the same force and effect as the indictment filed by a grand jury. Now, do you

---

[1] A S.C.I. is a "written accusation by a district attorney filed in a superior court . . . charging a person, or two or more persons jointly, with the commission of a crime . . . [that] has the same force and effect as an indictment and all procedures and provisions of law applicable to indictments are also applicable to superior court informations, except where otherwise expressly provided." N.Y. C.P.L. § 200.15.

2

|  |  |
|---|---|
|  | understand what the Court has read to you? |
| Defendant: | Yes, I do. |
| The Court: | Have you had the opportunity to read this before you signed it? |
| Defendant: | Yes. |
| The Court: | And isn't it a fact that you in fact did sign this waiver? |
| Defendant: | Yes. |
| The Court: | And [defense counsel], you also signed this? |
| [Counsel]: | Yes, I did. |

(Id. at 27-28.)

At the sentencing hearing on February 10, 1999, petitioner was sentenced to consecutive terms of 25 years to life for the murder count, and 12.5 years to 25 years for each of the kidnapping and robbery counts. (Transcript of Sentencing Hearing, People v. Hale, Indict. No. 8776/1996 (Kings County Ct., Feb. 21, 1999) at 17-18.) Hale expressed "incredible guilt and shame" and, in addressing Tanner's friends and family, stated that he hoped that "perhaps the 50 to life I'm receiving will give you some sense of justice." (Id. at 16-17.)

On direct appeal, through counsel, petitioner challenged his sentence as "harsh and excessive" insofar as it approximated a life-without-parole sentence. Petitioner also filed *pro se* supplemental briefs arguing, among other things, that his waiver of the right to appeal was invalid and that the first degree robbery charge in the S.C.I. was subject to a "jurisdictional defect" because he and his counsel did not sign a waiver of indictment in open court in accordance with New York Criminal Procedure Law § 195.20.[2] On June 20, 2006, the Appellate

---

[2] N.Y. C.P.L. § 195.20 states that a "written waiver [of indictment] shall be signed by the defendant in open court in the presence of his attorney."

3

Division, Second Department affirmed Hale's conviction and sentence. People v. Hale, 30 A.D.3d 613, 820 N.Y.S.2d 515 (2d Dep't 2006). Although the court agreed with petitioner that his waiver of appeal was defective, it simply held, without elaboration, that "we have considered the defendant's contention that the sentence was excessive but find it to be without merit." Id. The court also summarily found no merit in his remaining contentions, including those raised in his *pro se* supplemental briefs. Id. On August 25, 2006, the New York Court of Appeals denied petitioner's application for leave to appeal. People v. Hale, 7 N.Y.3d 813, 822 N.Y.S.2d 488, 855 N.E.2d 804 (2006).

Petitioner then moved *pro se* in the trial court to vacate his conviction, pursuant to C.P.L. § 440.10, rehashing his prior argument that the S.C.I. was invalid. This motion was denied on March 20, 2007, on the procedural ground that the "identical claim was raised and rejected on the merits on direct appeal." People v. Hale, Unpublished Slip Op. at 1-2, S.C.I. No. 243/1999 (Kings County Ct. 2007.) Supreme Court also found the claim without merit because "while the original S.C.I. was missing from the court file, the transcript of the plea proceeding establishe[d] that the S.C.I. was signed by both [petitioner] and his counsel, who acknowledged their signature on the record." Id. The Second Department denied leave to appeal the order on August 21, 2007. People v. Hale, Decision and Order, App. Div. 2007-03346.

Petitioner also subsequently brought a *pro se* C.P.L. § 440.20 motion, claiming that he should have been given concurrent sentences pursuant to N.Y. Penal Law § 70.25(2), because each crime contained a material element of the other.[3] On February 20, 2008, Supreme Court

---

[3] N.Y. Penal Law § 70.25(2) states that "when more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently."

4

rejected this argument because petitioner "pled guilty with the specific understanding that he would be sentenced to consecutive sentences for each crime and based upon his allocution to having committed three separate acts," and that, in any event, "the three crimes were committed separately and serially . . . and none was a material element of the others." People v. Hale, Unpublished Slip Op. at 1-2, Ind. No. 8776/1996, S.C.I. No. 243/1999 (Kings County Ct. 2008). On August 20, 2008, the Second Department denied petitioner leave to appeal the denial of the § 440.20 motion. People v. Hale, Decision and Order, App. Div. 2008-04729.

## Discussion

Hale filed the instant petition on September 2, 2008. He contends only that (1) the trial court did not have "jurisdiction" because his waiver of indictment for the robbery charge was invalid, and (2) he was improperly sentenced to consecutive prison terms. The timeliness of the petition is unchallenged.

## I. The AEDPA Standard of Review

Under the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner only if a claim that was "adjudicated on the merits" in state court resulted in a decision that was (1) contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); see Gutierrez v McGinnis, 389 F.3d 300, 304 (2d Cir. 2004) (describing this standard as "AEDPA deference"). A state court decision is "contrary to" established federal precedent if it "contradicts the governing law set forth in [Supreme Court] cases" or arrives at a different conclusion from the Supreme Court on "materially indistinguishable" facts. Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495,

5

1519-20 (2000) (O'Connor, J., for the Court, Part II) (citation omitted). A state court decision involves an "unreasonable application" of federal law if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of" that case. Id. at 413. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, the state court's application must involve "[s]ome increment of incorrectness beyond error." Francis S. v. Stone. 221 F.3d 100, 111 (2d Cir. 2000). In addition, under AEDPA, "a state court's findings of fact are 'presumed to be correct' unless rebutted 'by clear and convincing evidence.'" Drake v. Portuondo, 553 F.3d 230, 239 (2d Cir. 2009) (quoting 28 U.S.C. § 2254(e)(1)).

## II. Waiver of Indictment

Petitioner's sole ground for attacking the validity of the robbery charge presented in the S.C.I. is that the waiver of indictment form was not "signed in open court as required by [N.Y. C.P.L. § 195.20]." (Pet. at 6.) As an initial (but inconsequential) matter, the § 440 court's conclusion that this claim is without merit because the transcript establishes that the waiver of indictment was signed by petitioner and counsel is not precisely correct. The transcript does not unequivocally establish where the waiver was signed. But, the transcript does unequivocally establish that execution of the waiver was acknowledged before conviction in open court. Assuming *arguendo* that such distinctions make a difference under New York's criminal procedure law, it matters not here. This Court is without power to review such a claim because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). Aside from the fact that petitioner actually argues invalidity of the waiver only pursuant to New York

6

statutory law, generally speaking, the sufficiency of an accusatory instrument is "an issue of state law," and not of federal law anyway. Oguntunji v. Artus, 05-CV-1240, 2007 U.S. Dist. LEXIS 23738, at *15 (E.D.N.Y. Mar. 26, 2007); see Grant v. Connell, 06-CV-4364, 2008 U.S. Dist. LEXIS 30606, at *8 (S.D.N.Y. Mar. 27, 2008) (noting that "issues regarding the sufficiency of a state indictment are generally not cognizable on habeas review" unless the indictment fails to "meet basic constitutional standards"); Marcus v. Conway, 04-CV-0064, 2007 U.S. Dist. LEXIS 33411, at *11 (S.D.N.Y. Apr. 30, 2007) (explaining that petitioner's claim that an indictment was defective "does not provide a basis for habeas review because the claim does not present a federal question"). There is not a hint either in petitioner's argument or the record that the robbery charge presented by the S.C.I. was substantively defective as a matter of either federal or state law. Lastly and most definitively, it is absolutely crystal clear from the record that, substantively, petitioner knowingly and voluntarily waived any right he had to be prosecuted by indictment rather than by way of an information. Therefore, petitioner is not entitled to issuance of the writ on his first theory of relief.

### III. Consecutive Sentences

Hale's other claim, that consecutive sentencing was improper under N.Y. Penal Law 70.25(2) because all three crimes relied on the shared material element of "striking the victim's head to the ground" (Pet. at 7) fails for the same reason – a violation of the sentencing scheme contemplated by a state statute does not present a claim cognizable on habeas review. See, e.g., Lopez v. Fischer, 06-CV-4760, 2007 U.S. Dist. LEXIS 31416, at *12 (S.D.N.Y. Apr. 27, 2007) (holding that "[t]he decision of the New York courts, even if a misinterpretation of New York Penal Law Section 70.25(2), did not result in a decision" that AEDPA authorizes a habeas court to review). Extending to petitioner the benefit of the doubt, and construing the petition to assert

7

that the consecutive sentences violated *federal* law,[4] the claim would nonetheless fail habeas review because "there is 'no constitutionally cognizable right to concurrent, rather than consecutive, sentences.'" United States v. McLean, 287 F.3d 127, 136 (2d Cir. 2002) (quoting United States v. White, 240 F.3d 127, 135 (2d Cir. 2001)); see Reed v. Cuomo, 08-CV-4875, 2010 U.S. Dist. LEXIS 45488, at *9 n.4 (E.D.N.Y. May 7, 2010); see also Washington v. Goord, 07-CV-7150, 2009 U.S. Dist. LEXIS 106066, at *19 (S.D.N.Y. Nov. 13, 2009); Ashby v. Senkowski, 269 F. Supp. 2d 109, 115 (E.D.N.Y. 2003) ("A challenge to the imposition of consecutive sentences fails to present an issue of constitutional dimension if the sentence falls within the range prescribed by state law.").

Finally, to the extent that petitioner intended to recast his state law argument that his sentence was harsh or excessive, that is, as an Eighth Amendment claim for cruel and unusual punishment, it also fails. "Although no penalty is *per se* constitutional . . . outside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [are] exceedingly rare." Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S. Ct. 2680, 2686 (1991) (internal quotation marks and citation omitted). Here, petitioner's sentence for each of the three crimes of conviction fall within the respective statutory maximum, and none could conceivably be deemed so disproportionate to the heinous charges on which he had been convicted, see id., 501 U.S. at 997, 111 S. Ct. at 2702-03, that it would constitute a constitutional violation. Freeman v. Burge, 05-CV-1585, 2009 U.S. Dist. LEXIS 45854, at *57-*58 (E.D.N.Y. May 22, 2009); see also United States v. Jaramillo-Montoya, 834 F.2d 276, 279 (2d Cir. 1987) (noting that consecutive sentences are only unconstitutional under an "extraordinary set of

---

[4] The Court liberally construes pleadings and briefs submitted by *pro se* litigants, see Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000), and reads such submissions "to raise the strongest arguments they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

circumstances"). Even construing Hale's petition in this way, no meritorious claim emerges.

## Conclusion

For all of the foregoing reasons, Hale's petition for a writ of habeas corpus is dismissed with prejudice and the writ is denied. Since Hale has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       August 10, 2010

ERIC N. VITALIANO
United States District Judge